ROOSEVELT L. CLARK, Appellant, *v.* J. & C. AUDITORE,
Inc., Respondent.

Contract — trial — execution of written agreement whereby
plaintiff's assignor granted to defendant use of pier for fixed
period at fixed compensation — failure to exchange signed
copies — retention by defendant of only signed copy and use
of pier in accordance with terms for five months — action to
recover payments due under contract for entire term — infer-
ence of acceptance of contract may be drawn by jury from
conduct of parties.

In an action to recover upon a written contract whereby plaintiff's
assignor granted to defendant the right to use a certain pier for a
certain term at a fixed compensation, where it appeared that the
written contract was intended to take the place of an informal agree-
ment and, after being signed by both parties, defendant's president
took it away saying he wished to show it to his counsel, whereupon
he would exchange copies, but copies were never in fact exchanged,
the act of defendant's president must be viewed in the light of the
testimony in regard to events that preceded the signing, and where
it appears therefrom that defendant acted as stevedore for a steam-
ship line, the agents of which were demanding that defendant obtain
more definite rights to the pier, and that defendant's secretary advised
the president not to sign the contract until he had shown it to his
lawyer, to which he replied, "I have got to have it and I am going
to sign it," an inference is permitted that the parties intended that
the act of signing by both parties should not be entirely without
effect until subsequent delivery or interchange of signed copies. And
where, thereafter, for five months, defendant retained the contract
and used the pier in accordance with its terms, and though its counsel
indicated doubt of the legal right of plaintiff's assignor to make the
contract, the defendant apparently never rejected it, or asked for
change in its terms, in the absence of explanation a jury might find
that the conduct of the parties shows acceptance of the formal contract
in place of the original informal agreement.

*Clark* v. *Auditore, Inc.,* 216 App. Div. 842, reversed.

(Argued January 18, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,

entered June 25, 1926, modifying and affirming as modified a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Edward H. Wilson* and *John J. Kean* for appellant. The defendant validly executed the agreement of January 21, 1924. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134.) The defendant by unequivocal acts, after the execution of the contract acquiesced in and ratified it and led the Auditore Contracting Co., Inc., into the belief that the defendant was acting under the contract and intended to be bound by it, and it is bound. (*Phillip* v. *Gallant*, 62 N. Y. 256; *Smith* v. *Hughes*, L. R. [6 Q. B.] 597; Clark on New York Law of Contracts, 11; *Mactier* v. *Frith*, 6 Wend. 103.) The defendant received and accepted the benefits of the contract for six months and may not repudiate it. (*Seymour* v. *S. F. C. Assn.*, 144 N. Y. 333.)

*John B. Johnston* for respondent. The alleged written lease set forth in the complaint was never executed or delivered by the defendant. (*Dietz* v. *Farish*, 79 N. Y. 520; *United Surety Co.* v. *Meenan*, 211 N. Y. 46; *Greene* v. *Barrett Nephews & Company*, 238 N. Y. 207; *Bailey* v. *Walker & Co.*, 290 Fed. Rep. 282; *Marion Machine Foundry Co.* v. *Girand*, 285 Fed. Rep. 160; *U. S.* v. *Kingsley*, 12 Pet. 476; *Rosenthal P. Co.* v. *National Folding Box Co.*, 226 N. Y. 322; *Bailey* v. *Walker & Co.*, 290 Fed. Rep. 282; *Koltonski* v. *Electric Goods Manufacturing Co.*, 182 Fed. Rep. 208; *Gordon* v. *Anderson*, 200 App. Div. 619; *Talcott* v. *Greenstein*, 210 App. Div. 633; *Hamlin* v. *Sears*, 82 N. Y. 331.)

LEHMAN, J. In November, 1923, the Auditore Contracting Company was the lessee, or at least had a right of possession or control, of a certain pier in Brooklyn. The defendant obtained a right to the limited use of this pier by an informal agreement arranged through interchange of letters between the Auditore Co., Inc., and

itself. The Auditore Co., Inc., was closely connected in some manner with the Auditore Contracting Co., but the exact relationship is not very clearly disclosed. For the purpose of this appeal we may regard the two companies as identical. There is no claim that the Auditore Co., Inc., did not have authority to make the informal agreement with the defendant. It is quite unimportant whether or not we call this agreement a lease. Under its terms the defendant secured at least the right to use the pier " for the berthing of a steamer once a month, at the rate of Twenty Thousand Dollars ($20,000) a year to be paid steamer or no steamer." In January, 1924, the officers of the Auditore Contracting Company and of the defendant met, and after discussion agreed upon the terms of a formal instrument which was intended to take the place of the original agreement. The defendant's president read the instrument and it was signed by both parties. After the defendant's president had signed it, he put his copy in his pocket and according to the testimony produced by the plaintiff he said he wanted to show it to his counsel and that as soon as his counsel " had seen it he would send it to us to exchange copies." Copies were in fact never exchanged, and the copy signed by the defendant was never delivered to the Auditore Contracting Company.

The formal instrument so signed by the defendant but not delivered contained provisions not included in the original agreement. It substituted a definite term of one year for the original indefinite term. It gave the defendant the right to use the dock to berth an additional vessel each month upon payment of additional stipulated compensation. It fixed definitely rights of the defendant to which no reference was made in the original letters or which had been left indefinite. Though the defendant never delivered the only copy of the agreement signed by it, it continued to use the pier till June and berthed at the dock more than one vessel in one month. In June,

1924, it notified the Auditore Contracting Company that it had leased another dock and would have no further use for pier 22. The plaintiff as assignee of the Auditore Contracting Company has brought this action to recover the payments which the defendant bound itself to make during the period of one year if the formal instrument of 1924 constitutes a binding contract. The complaint was dismissed at the close of the plaintiff's case for failure of proof that the defendant accepted this contract or agreed to its terms.

The defendant does not contend that exchange of signed copies of the written instrument or delivery by the defendant of the copy signed by it is the only method by which a binding contract between the parties could arise. The question we must review is whether the evidence is sufficient to permit a trier of the facts to draw the inference that both parties agreed that a complete contract upon the terms embodied in the written instrument should arise without such exchange or delivery. The evidence that the defendant's president retained the copy of the contract signed by him with the statement that he would exchange copies after his counsel " had seen it " leads to the inference that until such exchange was made or at least until its counsel had expressed approval, the defendant did not intend that the agreement should be complete and irrevocable. Not only was there never an exchange of signed contracts thereafter, but the evidence shows that the defendant's counsel did thereafter express disapproval of the contract, or at least doubt as to the right of the plaintiff's assignor to enter into it, though he did not expressly state that he would advise the defendant to reject its terms. Nevertheless we find in the record some evidence which in our opinion raises a question of fact as to whether the defendant did not indicate intention to be bound by the terms of the contract.

The act of the defendant's president in retaining the

contract after signing it must be viewed in the light of the testimony in regard to the events that preceded the signing. The act of signing may itself acquire new significance from these events. The defendant corporation acted as stevedore for a steamship line. The agents of the line demanded that the defendant should obtain more definite rights to the pier, or at least a more complete contract in regard to the pier than the defendant had under the exchange of letters. Subsequent discussion resulted in agreement as to the terms to be embodied in the formal contract. The evidence permits, if indeed it does not require, the inference that the parties intended that the act of signing the formal contract by both parties should not be entirely without effect until subsequent delivery or interchange of signed copies. The defendant's secretary advised the defendant's president in the presence of the representatives of plaintiff's assignor not to sign the contract until he had shown it to his lawyer. The defendant's president then answered: " I have got to have it and I am going to sign it." Both parties then signed. Thereafter the defendant asked for no other agreement and continued to use the pier, and used it in manner not expressly authorized by the original informal letters.

The defendant's conduct might well be held to indicate that having obtained a signed contract from the plaintiff, it was satisfied with it. At least the jury could so find. Though perhaps continued occupation of the pier might, standing alone, be regarded as equivocal, since the defendant had some indefinite right of occupation even without the formal agreement, still if other evidence indicates that in the minds of both parties that occupation was attributed to rights derived from the formal agreement, it becomes a circumstance of some weight. There is testimony which seems to show that defendant's rights were measured by the parties under the terms of the formal contract.

For five months the defendant has retained a contract signed by both parties. During that time it had every benefit or advantage it might gain from complete agreement binding on both parties. Though its counsel indicated doubt of the legal right of plaintiff's assignor to make the contract, the defendant apparently never rejected it or asked for change in its terms, or even discussed it with plaintiff's assignor. All these circumstances together might indicate assent to the contract and intent to regard it as binding upon both parties, though no separate circumstance might be unequivocal or in itself sufficient to sustain such inference. The defendant may be able to explain these circumstances but in the absence of explanation the jury might find that the conduct of the parties shows acceptance of the formal contract in place of the original informal agreement.

Judgments should, therefore, be reversed, with costs to abide the event, and a new trial granted.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and KELLOGG, JJ., concur.

Judgment accordingly.